UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JANE DOE,

                Plaintiff,

       -against-

MUTAZ HYASSAT,

                Defendant.

**ORDER**

18 Civ. 6110 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

        In this action, Plaintiff Jane Doe alleges assault and battery, false imprisonment, and intentional infliction of emotional distress arising out of an alleged sexual assault committed by Defendant Hyassat in New York, New York in July 2017. (Am. Cmplt. (Dkt. No. 7))

        Defendant was served on July 18, 2022 ((Dkt. No. 47) ¶ 3), but has not appeared or responded to the Complaint in any fashion. On October 12, 2022, the Clerk of Court issued a certificate of default as to Defendant (Dkt. No. 52), and on November 29, 2022, this Court ordered that any motion for a default judgment be filed by December 9, 2022. (Order (Dkt. No. 53)) On December 5, 2022, Plaintiff filed, inter alia, a proposed order to show cause, a supporting brief, and a proposed default judgment. (Dkt. Nos. 54-56, 59) On December 7, 2022, this Court ordered Defendant to show cause on December 16, 2022, why a default judgment should not be entered against him. (Order (Dkt. No. 60))

        For the reasons discussed below, the Court has concluded that briefing is necessary to address the issue of diplomatic immunity. The hearing will be adjourned for this purpose.

        In the Amended Complaint, Plaintiff states that – at the time of the alleged sexual assault – Defendant "held a temporary position as [a] member of the Advisory Committee on

Administrative and Budgetary Questions ('ACABQ') for the United Nations," and that "Defendant was present on United States soil to participate in the ACABQ in a personal capacity, and **not** as a representative of the Jordanian government." (Am. Cmplt. (Dkt. No. 7) ¶¶ 13-14 (emphasis in original)) The Amended Complaint also asserts that "Defendant did not enter the United States in pursuance of official diplomatic duties." (Id. ¶ 15)

In other court filings, however, Plaintiff has represented that Defendant is a "career diplomat who has worked with the United Nations." (June 30, 2021 Pltf. Ltr. (Dkt. No. 45) at 1; see also id. at 3; Dec. 9, 2018 Pltf. Ltr. (Dkt. No. 16) at 3) And Plaintiff has submitted Defendant's curriculum vitae, which states that he has been a "career diplomat" since 1999. (June 30, 2021 Pltf. Ltr., Ex. B. (Dkt. No. 45-3) at 4) According to Plaintiff, Defendant's diplomatic career has included serving as "legal adviser and Deputy Permanent Representative at the Permanent Mission of the Hashemite Kingdom of Jordan to the United Nations in Vienna." (Id. at 3; see also Weigel Affirmation (Dkt. No. 45-1) ¶ 4)

Plaintiff's court filings have thus raised an issue as to whether Defendant is entitled to diplomatic immunity. While Plaintiff has asserted that Defendant "is not covered by diplomatic immunity" by virtue of serving on the ACABQ "'in a personal capacity'" (Dec. 10, 2018 Pltf. Ltr. (Dkt. No. 16) at 3 n.1), Plaintiff has not addressed whether Defendant is entitled to diplomatic immunity by virtue of his other roles as a "career diplomat."

"Diplomatic immunity is a matter of subject matter jurisdiction." Broidy Cap. Mgmt. LLC v. Benomar, 944 F.3d 436, 443 (2d Cir. 2019) (citing Brzak v. United Nations, 597 F.3d 107, 110-11 (2d Cir. 2010); Tachiona v. United States, 386 F.3d 205, 209, 215 (2d Cir. 2004)). Accordingly, "the question of whether the individual defendant[] [is] protected by . . . diplomatic immunity must be answered before the entry of a default judgment; if the individual

2

defendant[] [is] indeed protected by [such] immunity, the District Court . . . lack[s] jurisdiction to enter a default, much less a default judgment." Swarna v. Al-Awadi, 622 F.3d 123, 141 (2d Cir. 2010).

Accordingly, by **January 13, 2023**, Plaintiff will make a supplemental submission addressing whether Defendant is entitled to diplomatic immunity. In her submission, Plaintiff will address, inter alia, Defendant's diplomatic service at the time of the alleged assault; Defendant's diplomatic service from that point to the present; whether Defendant has ever held a position that confers diplomatic immunity, and if so, during what period of time Defendant enjoyed diplomatic immunity; whether, in determining Defendant's immunity from suit, this Court looks to his status at the time of the alleged assault or his status now; and the scope of the immunity, as applied to the facts of this case.

The hearing currently scheduled for **December 16, 2022**, is adjourned sine die pending completion and evaluation of the supplemental briefing.

Dated:  New York, New York
        December 13, 2022

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge

3