**MEMO ENDORSED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
:
JANE DOE, :
:
         *Plaintiff*, :
:
  -against- :   Civil Case No.: 1-18-cv-06110-PGG
:
MUTAZ HYASSAT, :
:
         *Defendant.* :
:
------------------------------------------------------------x

**PLAINTIFF'S MOTION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL/REDACTED**

In support of her Findings of Fact and Conclusions of Law and accompanying Inquest Memorandum, Plaintiff Jane Doe ("Plaintiff"), through counsel, respectfully moves this Court in accordance with the Federal Rules of Civil Procedure, this Court's Local Rules, and Your Honor's Individual Rules of Practice for leave to file under seal Plaintiff's hospital and ophthalmologist records (collectively, "Medical Records") (Exhibits D–G to the Declaration of Robert L. Weigel (the "Weigel Declaration") filed concurrently herewith) that establish her permanently debilitating physical, mental, and emotional suffering. Further, Plaintiff moves the Court to grant leave to file redacted copies of the following exhibits accompanying her Findings of Fact and Conclusions of Law and Inquest Memorandum: (1) Plaintiff's affidavit; (2) Plaintiff's mother's affidavit; and (3) a letter from her treating neuropsychologist, Dr. Eric Watson (hereinafter, "Dr. Watson's Letter") (Exhibits A–C to the Weigel Declaration).

**MEDICAL RECORDS**

As set forth in Plaintiff's Findings of Fact and Conclusions of Law, Plaintiff's Inquest Memorandum, and the accompanying exhibits to this motion, Plaintiff suffers from various

1

debilitating medical conditions. The details of her medical conditions are private and sensitive in nature, and accordingly, Plaintiff asks that the Medical Records not be disclosed to the public for viewing. Because this type of information is inherently sensitive, it is generally protected from public disclosure in other legal contexts. Its dissemination is restricted by federal statute. *See, e.g.*, The Health Insurance Portability and Accountability Act of 1996 (HIPAA), Pub.L. No. 104–191, 110 Stat. 1936 (1996).

To be approved, any redaction or sealing of a court filing must be narrowly tailored to serve whatever purpose justifies the redaction or sealing and must be otherwise consistent with the presumption in favor of public access to judicial documents. *See, e.g.*, *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006). Though Plaintiff's medical history is necessary for the Court to consider in evaluating evidence for damages, Plaintiff should not be forced to share her private health information and Medical Records with the general public. Plaintiff's right to keep her sensitive health information private is an important countervailing interest that rebuts the presumption in favor of public access to her records—and justifies a sealing order. Courts in this District routinely order documents containing sensitive medical information to be filed under seal. *See, e.g.*, *Valentini v. Grp. Health Inc.*, 2020 WL 7646892, at *2 (S.D.N.Y. Dec. 23, 2020) (stating that an individual generally "maintains significant privacy rights to her medical information," and courts "regularly seal" such information); *Tropical Sails Corp. v. Yext, Inc.*, 2016 WL 1451548, at *5 (S.D.N.Y. Apr. 12, 2016) (finding sealing to be narrowly tailored where the documents in question only contained sensitive information); *McGuirk v. Swiss Re Fin. Servs. Corp.*, 2015 WL 13661685, at *1 (S.D.N.Y. Mar. 30, 2015) ("Medical information is among the types of information often made subject to a sealing order.").

Accordingly, Plaintiff respectfully requests that an order be entered granting her leave to file the Medical Records (Exhibits D–G to the Weigel Declaration) under seal.

### AFFIDAVITS AND LETTER

Plaintiff respectfully requests that the Court grant leave to file copies of Plaintiff's affidavit and Dr. Watson's Letter (Exhibits A & C to the Weigel Declaration) with Plaintiff's name and location redacted where applicable. Further, Plaintiff asks the Court to allow her to file a copy of her mother's affidavit (Exhibit B to the Weigel Declaration) with her mother's name and location redacted.

As the Court well knows, Plaintiff is proceeding under this case as Jane Doe, pursuant to the Court's order dated July 5, 2018. Dkt. 3. The allegations in this case are sensitive in nature and deal with rape and sexual assault. Her declaration recounts the lead-up and aftermath of the attack in painstaking detail, as does her mother's declaration. Moreover, Dr. Watson's Letter (Exhibit C to the Weigel Declaration) mentions Plaintiff by name throughout his letter, which includes details about Plaintiff's neurological issues that persist as a result of the rape and sexual assault. Given that the Court has already granted Plaintiff's motion to proceed as Jane Doe, it follows that the Court should also agree to allow Plaintiff to redact her name in her affidavit and Dr. Watson's Letter (Exhibits A & C to the Weigel Declaration), and allow that her mother's name likewise be redacted from her mother's affidavit (Exhibit B to the Weigel Declaration).

Like her Medical Records, Plaintiff submits that these three documents qualify as judicial documents which are plainly relevant to the case at bar such that there exists a presumption of access to the public. *See, e.g.*, *Lugosch*, 435 F.3d at 119–20. Even so, protecting the identity of sexual assault victims—and by extension their immediate family members—provides a compelling reason to limit public access. For this reason, it is common for courts in this District

3

to permit declarants to submit their statements with their name redacted in order to protect a sexual assault victim's identity. *See, e.g.*, *Scott v. Graham*, 2016 WL 6804999, at *2 (S.D.N.Y. Nov. 17, 2016) (concluding that respondents' request to redact the names of the victim and her mother . . . was narrowly tailored to serve the higher value of safeguarding the victim's identity); *Murphy v. Warden of Attica Corr. Facility*, 2020 WL 6866403, at *2 (S.D.N.Y. Nov. 23, 2020) (granting motion to protect the identity of a victim of sexual assault in a habeas proceeding); *Archbold v. Hessel*, 2011 WL 2671527, at *1 n.1 (S.D.N.Y. June 20, 2011), *adopted as modified*, 2011 WL 2946169 (S.D.N.Y. July 19, 2011) (noting motion to file state court records under seal was granted to protect identity of sexual assault victim); *Hardison v. Artus*, 2006 WL 1330064, at *1 n.2 (S.D.N.Y. May 16, 2006), *report and recommendation adopted*, 2006 WL 1763678 (S.D.N.Y. June 23, 2006) (noting state court records sealed to protect privacy of sexual assault victim pursuant to Section 50-b of the N.Y. Civil Rights Law). In this case, redaction is narrowly tailored to protect the identity of Plaintiff.

As such, Plaintiff respectfully requests that an order be entered granting her leave to file redacted versions of the two affidavits and Dr. Watson's letter (Exhibits A–C to the Weigel Declaration).

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests leave to file the Medical Records under seal, and further requests leave to file Plaintiff's affidavit, the affidavit of Plaintiff's mother, and Dr. Watson's Letter with redactions.

Dated: New York, New York
April 10, 2023

GIBSON, DUNN & CRUTCHER LLP

By: _/s/ Robert L. Weigel_
Robert L. Weigel
Laura F. Erstad
200 Park Avenue
New York, NY 10166-0193
Telephone: (212) 351-4000
Facsimile: (212) 351-4035
Email: rweigel@gibsondunn.com
Email: lerstad@gibsondunn.com

*Attorneys for Plaintiff*

Application **GRANTED.**

**SO ORDERED.**

_____
Ona T. Wang        9/19/2023
U.S.M.J.

5