UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------

JANE DOE,

                        Plaintiff,

      - against -                              **ORDER**

MUTAZ HYASSAT,                      18 Civ. 6110 (PGG) (OTW)

                        Defendant.

-----------------------------------------------------------

PAUL G. GARDEPHE, U.S.D.J.:

        Plaintiff Jane Doe alleges Defendant Mutaz Hyassat sexually assaulted her in July 2017. The Complaint asserts claims for assault, battery, intentional infliction of emotional distress, and false imprisonment. (Am. Cmplt. (Dkt. No. 7) ¶¶ 60-84) This Court entered an Order of Default against Defendant (Dkt. No. 69), and referred the case to Magistrate Judge Ona Wang for an inquest on damages. (Dkt. No. 70) Judge Wang has issued a Report and Recommendation ("R&R"), in which she recommends that Plaintiff be awarded $1.25 million in compensatory damages, $1.25 million in punitive damages, and post-judgment interest to be calculated pursuant to 28 U.S.C. § 1961. (R&R (Dkt. No. 82) at 14-15)[1] For the reasons set forth below, the R&R will be adopted in its entirety.

---

[1] The page numbers of documents referenced in this Order correspond to the page numbers designated by this District's Electronic Case Files ("ECF") system.

## BACKGROUND

I. **FACTS**[2]

Plaintiff is a citizen of New Jersey. (Am. Cmplt. (Dkt. No. 7) ¶ 4) Defendant is a citizen of Jordan, who works for the United Nations Advisory Committee on Administrative and Budgetary Questions. (Id. ¶¶ 5, 12-13)

According to the Amended Complaint, while Plaintiff and Defendant were at a restaurant on July 7, 2017, Defendant "spiked Plaintiff's drink or food with [the drug] gamma-Hydroxybutyric acid." (Id. ¶¶ 20, 28) Plaintiff was then "raped by Defendant while unconscious and incapable of consent between the evening of July 7, 2017 and the morning of July 8, 2018." (Id. ¶ 30)

On July 10, 2017, Plaintiff sought medical treatment – including a rape kit – and on July 11, 2017, she reported the assault to the New York City Police Department ("NYPD"). (Id. ¶¶ 41-43) The rape kit revealed a male DNA sample on Plaintiff's underwear, which matched a DNA sample Defendant later provided to the NYPD. (Id. ¶ 44)

Plaintiff alleges that she "experience[d] medical complications consistent with, and indicative of, a sexual assault" including, inter alia, symptoms of a sexually transmitted disease, a vaginal infection that is "common . . . in rape victims," "debilitating and persistent

---

[2] The parties have not objected to Judge Wang's recitation of the alleged facts. Accordingly, the Court adopts her account of the facts in full. See Silverman v. 3D Total Solutions, Inc., No. 18 Civ. 10231 (AT), 2020 WL 1285049, at *1 n.1 (S.D.N.Y. Mar. 18, 2020) ("Because the parties have not objected to the R&R's characterization of the background facts . . . , the Court adopts the R&R's 'Background' section. . . ."). Given Defendant's default, these well-pleaded facts are assumed to be true. Finkel v. Romanowicz, 577 F.3d 79, 83 n.6 (2d Cir. 2009) (noting that "court[s] accept[] as true all well pleaded allegations against a defaulting defendant for purposes of determining liability"); Idir v. La Calle TV, LLC, No. 19 Civ. 6251 (JGK), 2020 WL 4016425, at *2 (S.D.N.Y. July 15, 2020) (same).

neurological symptoms," diagnosed "mild traumatic brain injury," and "severe psychological distress." (Id. ¶¶ 45-52)

## II. PROCEDURAL HISTORY

The Amended Complaint was filed on September 18, 2018 (Am. Cmplt. (Dkt. No. 7)), and asserts claims against Defendant for assault and battery, false imprisonment, and intentional infliction of emotional distress. (Id. ¶¶ 60-84) After numerous unsuccessful attempts to serve Defendant (see July 19, 2022 Order (Dkt. No. 41) at 1-6), Defendant was served with the Amended Complaint on September 27, 2022 (Dkt. No. 47), but he has not responded or otherwise appeared in the action.

The Clerk of Court issued a certificate of default as to Defendant on October 12, 2022 (Dkt. No. 52), and on November 29, 2022, this Court directed Plaintiff to make any application for a default judgment by December 9, 2022. (Nov. 29, 2022 Order (Dkt. No. 53)) On December 5, 2022, Plaintiff filed, inter alia, a proposed order to show cause, a supporting brief, and a proposed default judgment. (Dkt. Nos. 54-56, 59) On December 7, 2022, this Court directed Defendant to show cause – at a hearing scheduled for December 16, 2022 – why a default judgment should not be entered against him. (Dec. 7, 2022 Order (Dkt. No. 60)) Defendant was served with the December 7, 2022 order to show cause. (Dkt. No. 62)

On December 13, 2022, this Court directed Plaintiff to submit supplemental briefing "addressing whether Defendant was entitled to diplomatic immunity," and adjourned sine die the hearing on Plaintiff's application for a default judgment. (Dec. 13, 2022 Order (Dkt. No. 63) at 3) In a January 13, 2023 supplemental submission, Plaintiff contended that "Defendant has never held a position that afforded him diplomatic immunity." (Pltf. Supp. Br. (Dkt. No. 64) at 5) In support of this argument, Plaintiff submitted a letter from the Minister Counselor at the United States Mission to the United Nations stating that Defendant "enjoyed

3

immunity from the criminal and civil jurisdiction of the United States only with respect to acts performed by him in his official capacity at the United Nations." (See Erstad Decl., Ex. A (Dkt. No. 65-1) at 2)

On January 20, 2023, this Court directed Defendant to show cause – at a hearing scheduled for February 1, 2023 – "why an order should not be entered for default judgment against [him] for a total sum of $1,250,000 in compensatory damages ($850,000 for past pain and suffering[,] and $400,000 for future pain and suffering), $1,250,000 in punitive damages, post-judgment interest, and any other equitable relief as this Court may deem just and proper." (Jan. 20, 2023 Order (Dkt. No. 67) at 1)  Defendant was served with the Court's January 20, 2023 order (Dkt. No. 68), but he did not appear at the February 1, 2023 hearing.  (See Order of Default (Dkt. No. 69) at 2)

At the February 1, 2023 hearing, the Court noted that it has subject matter jurisdiction, because Defendant "did not, at the time of the alleged assault, enjoy immunity with respect to the alleged conduct in this case." (Feb. 1, 2023 Tr. (Dkt. No. 83) at 10:3-8)  That same day, the Court issued an Order of Default against Defendant.  (Order of Default (Dkt. No. 69) at 2)  The Court referred the case to the assigned Magistrate Judge for an inquest on damages. (Feb. 8, 2023 Order (Dkt. No. 70))

On April 10, 2023, Plaintiff submitted proposed findings of fact and conclusions of law, and a supporting declaration. (Dkt. Nos. 73-75, 77)  Defendant was served with these materials (see Dkt. No. 78), but submitted no opposition.

On April 11, 2024, Judge Wang issued a fifteen-page R&R, recommending that Plaintiff be awarded (1) $1.25 million in compensatory damages, (2) $1.25 million in punitive damages, and (3) post-judgment interest calculated pursuant to 28 U.S.C. § 1961(a). (R&R (Dkt.

4

No. 82) at 1, 14) In her R&R, Judge Wang notifies the parties that, "[i]n accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)," they "have fourteen (14) days (including weekends and holidays) from receipt of this Report to file written objections." (Id. at 14) The R&R further states that "failure to file objections within fourteen (14) days will result in a waiver of objections and will preclude appellate review." (Id.) (emphasis omitted) (citing, inter alia, Thomas v. Arn, 474 U.S. 140 (1985))

Neither party has submitted an objection to the R&R.

## DISCUSSION

I. **LEGAL STANDARD**

In reviewing a magistrate judge's report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where, as here, no timely objection has been made to a magistrate judge's R&R – despite clear warning that a failure to file objections will result in a waiver of judicial review – judicial review has been waived. See Thomas v. Arn, 474 U.S. 140, 147-48 (1985); see also Spence v. Superintendent, Great Meadow Correctional Facility, 219 F.3d 162, 174 (2d Cir. 2000) ("Failure to timely object to a report generally waives any further judicial review of the findings contained in the report.").

This rule is non-jurisdictional, however, and because "its violation may be excused in the interests of justice," DeLeon v. Strack, 234 F.3d 84, 86 (2d Cir. 2000) (citing Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993)), this Court has considered whether there is any "'clear error on the face of the record'" that precludes acceptance of Judge Wang's recommendation. Wingate v. Bloomberg, No. 11 Civ. 188 (JPO), 2011 WL 5106009, at *1 (S.D.N.Y. Oct. 27, 2011) (quoting Fed. R. Civ. P. 72(b) advisory committee note); see also Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) ("To accept the report and

recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record.").

## II. ANALYSIS

### A. Liability

"It is an 'ancient common law axiom' that a defendant who defaults thereby admits all 'well-pleaded' factual allegations contained in the complaint." City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 137 (2d Cir. 2011) (quoting Vermont Teddy Bear Co. v. 1-800 Beargram Co., 373 F.3d 241, 246 (2d Cir. 2004)). However, because a defaulting party "does not admit conclusions of law," Liberty Mut. Ins. Co. v. Project Tri-Force, LLC, No. 18 Civ. 427 (AJN), 2019 WL 1349720, at *2 (S.D.N.Y. Mar. 26, 2019), a district court is "required to determine whether [plaintiff's] allegations establish [defendant's] liability as a matter of law." Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009).

Here, as to the assault and battery claims, Plaintiff must plead facts sufficient to demonstrate that Defendant committed an act of sexual assault. Under New York law, assault is "'an intentional placing of another person in fear of imminent harmful or offensive contact,'" while battery is an "'intentional wrongful physical contact with another person without consent.'" Girden v. Sandals Int'l, 262 F.3d 195, 203 (2d Cir. 2001) (quoting United Nat'l Ins. Co. v. Waterfront N.Y. Realty Corp., 994 F.2d 105, 108 (2d Cir. 1993)). "[A] rape is 'an undisputed assault and battery.'" United Nat'l Ins. Co., 994 F.2d at 108 (quoting United National Ins. Co. v. The Tunnel, Inc., 988 F.2d 351, 354 (2d Cir. 1993)). The Amended Complaint adequately alleges, inter alia, that Defendant sexually assaulted Plaintiff, that he intentionally attempted to "penetrate Plaintiff without her consent," and that his actions placed Plaintiff in imminent apprehension of harmful contact. (See Am. Cmplt. (Dkt. No. 7) ¶¶ 1-2, 34-39)

As to the false imprisonment claim, "a plaintiff 'must show that (1) the defendant intended to confine [her], (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement, and (4) the confinement was not otherwise privileged.'" Doe v. Alsaud, 224 F. Supp. 3d 286, 295 (S.D.N.Y. 2016) (quoting Broughton v. State, 37 N.Y.2d 451, 456 (1975)). Here, the Amended Complaint's allegations that the Defendant drugged Plaintiff, brought her back to his Manhattan apartment, assaulted and raped her while unconscious, and attempted to sexually assault her while she was conscious (see Am. Cmplt. (Dkt. No. 7) ¶¶ 1-2, 24-25, 28-40), are sufficient to make out the elements of false imprisonment. See Alsaud, 224 F. Supp. 3d at 295.

As to intentional infliction of emotional distress, that cause of action "'has four elements: (i) extreme and outrageous conduct; (ii) intent to cause, or disregard of a substantial probability of causing, severe emotional distress; (iii) a causal connection between the conduct and injury; and (iv) severe emotional distress.'" Alsaud, 224 F. Supp. 3d at 295 (quoting Howell v. New York Post Co., 81 N.Y.2d 115, 121 (1993)). Here, the Amended Complaint plausibly alleges that Defendant "drugged [Plaintiff] without her knowledge" (Am. Cmplt. (Dkt. No. 7) ¶¶ 2, 28-29), sexually assaulted her "while [she was] unconscious and incapable of consent" (id. ¶ 30), and infected her with a venereal disease that has caused her to suffer vision loss. (Id. ¶¶ 45-50) Defendant's conduct has caused Plaintiff to suffer significant trauma, which has led to severe and long-lasting emotional distress. (See id. ¶ 52)

This Court concludes that the Amended Complaint sufficiently alleges Plaintiff's claims of assault and battery, false imprisonment, and intentional infliction of emotional distress. See Finkel, 577 F.3d at 84.

B. **Damages**

As Judge Wang acknowledges, "'[e]ven when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of damages are not deemed true.'" (R&R (Dkt. No. 82) at 6-7) (quoting Am. Jewish Comm. v. Berman, No. 15-CV-5982 (LAK) (JLC), 2016 WL 3365313, at *3 (S.D.N.Y. June 15, 2016)); see Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC, 779 F.3d 182, 189 (2d Cir. 2015) ("While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages.") (internal quotation marks and citation omitted). It is instead the court's responsibility to "'conduct an inquiry in order to ascertain the amount of damages with reasonable certainty.'" (R&R (Dkt. No. 82) at 6-7) (quoting Am. Jewish Comm., 2016 WL 3365313, at *3)

Where, as here, the defendant has never appeared, "[a]n evidentiary hearing is not necessary when the documents submitted provide a 'sufficient basis from which to evaluate the fairness of' the damages requested." Sadowski v. Render Media Inc., No. 17 Civ. 9045 (PGG) (JLC), 2020 WL 1178629, at *2 (S.D.N.Y. Mar. 10, 2020), report and recommendation adopted, No. 17 Civ. 9045 (PGG) (JLC), 2020 WL 5968668 (S.D.N.Y. Oct. 8, 2020) (quoting Fustok v. ContiCommodity Servs., Inc., 873 F.2d 38, 40 (2d Cir. 1989)).

Plaintiff seeks $1.25 million in compensatory damages, $1.25 million in punitive damages, and post-judgment interest. (Pltf. Proposed Findings of Fact and Conclusions of Law (Dkt. No. 73) ¶ 56)

Judge Wang recommends that Plaintiff be awarded $1.25 million in compensatory damages. (R&R (Dkt. No. 82) at 11) Compensatory damages "'recoverable for sexual assault . . . include compensation for the injury itself, [and] conscious pain and suffering[,] including

8

mental and emotional anxiety[,] which can be based on the plaintiff's subjective testimony.'" (Id. at 7) (quoting Doe v. HRH Prince Abdulaziz Bin Fahd Alsaud, Saudi Oger Ltd., No. 13 Civ. 571 (RWS), 2017 WL 4541426, at *3 (S.D.N.Y. Oct. 10, 2017)) In such cases, courts consider "'the threat to the victim's self-esteem and physical, psychic and emotional integrity and health, in addition to actual therapeutic and medical expenses.'" Prince Abdulaziz, 2017 WL 4541426, at *4 (quoting Mathie v. Fries, 935 F. Supp. 1284, 1306 (E.D.N.Y. 1996), aff'd, 121 F.3d 808 (2d Cir. 1997)).

As Judge Wang notes, "'[c]ourts in this Circuit and State have upheld large compensatory damage awards for sexual assault and rape victims.'" (R&R (Dkt. No. 82) at 8-9) (quoting Prince Abdulaziz, 2017 WL 4541426, at *4) "[A]lthough '[d]amage awards in analogous cases provide an objective frame of reference, . . . they do not control [a court's] assessment of individual circumstances.'" Prince Abdulaziz, 2017 WL 4541426, at *4 (quoting In re Air Crash Near Nantucket Island, 307 F. Supp. 2d 465, 469 (E.D.N.Y. 2004)).

Here, Plaintiff has provided significant evidentiary support for the damage awards that she seeks.[3] These materials demonstrate that, as a result of Defendant's conduct, Plaintiff suffers from sexually transmitted diseases, including bacterial vaginosis and herpes keratitis which has caused "permanent vision loss." (Weigel Decl., Ex. A (Pltf. Aff.) (Dkt. No. 75-1) ¶¶ 59, 97) In addition to her physical injuries, Plaintiff has been diagnosed with "mild neurocognitive disorder," "depressive disorder," and "anxiety disorder," and "provisional[ly]" diagnosed with post-traumatic stress disorder ("PTSD"). (Id., Ex. C (Dkt. No. 75-3) at 3)

---

[3] Plaintiff's request for damages is supported by her own affidavit (Weigel Decl., Ex. A (Dkt. No. 75-1)) (unsealed); her mother's affidavit (id., Ex. B (Dkt. No. 75-2)); and medical records (id., Exs. C-G (Dkt. Nos. 75-3 to 75-7)), including a neuropsychological evaluation (id., Ex. C (Dkt. No. 75-3)).

9

Plaintiff has "contemplated suicide" (id. ¶ 84), and has been "unable" to work full time since the attack. (Id. ¶¶ 72-78) Six years after the attack, Plaintiff seeks regular medical treatment for her physical, psychological, and emotional injuries. (Id. ¶¶ 67, 95-98)

The compensatory award of $1.25 million recommended by Judge Wang is in line with awards in similar sexual assault and rape cases. See, e.g., Prince Abdulaziz, 2017 WL 4541426, at *6 (awarding $1.25 million in compensatory damages where plaintiff was drugged and raped, and later diagnosed with PTSD, anxiety disorder, and depression); Noonan v. Becker, No. 14 Civ. 4084 (LTS) (JLC), 2018 WL 1738746, at *5, *9 (S.D.N.Y. Apr. 10, 2018) (awarding $1.013 million in compensatory damages where plaintiff was drugged and sexually assaulted, and later diagnosed with depression, acute stress reaction, and anxiety disorder), report and recommendation adopted, No. 14 Civ. 4084 (LTS) (JLC), 2018 WL 2088279 (S.D.N.Y. May 3, 2018); Ortiz v. New York City Hous. Auth., 22 F. Supp. 2d 15, 39 (E.D.N.Y. 1998), aff'd, 198 F.3d 234 (2d Cir. 1999) (upholding a jury award of $3 million in compensatory damages where plaintiff was raped at gunpoint, diagnosed with PTSD, and suffered "dramatic[ ] change[s]" to the quality of her life).

Having considered the egregious circumstances of this case, as well as compensatory awards in this District in comparable cases, this Court concludes that $1.25 million is "fair and reasonable compensation" for Plaintiff's past and future pain and suffering. Prince Abdulaziz, 2017 WL 4541426, at *6. Accordingly, this Court finds no clear error in Judge Wang's recommendation that Plaintiff be awarded $1.25 million in compensatory damages.

As to punitive damages, Judge Wang recommends that Plaintiff be awarded $1.25 million. (R&R (Dkt. No. 82) at 13) Punitive damages "'are appropriate under New York law

where the wrong complained of is morally culpable, or is actuated by evil and reprehensible motives, not only to punish the defendant but to deter him.'" (Id. at 7) (quoting Walker v. Sheldon, 10 N.Y.2d 401, 404 (1961)); see also Offei v. Omar, No. 11 Civ. 4283 (SAS) (MHD), 2012 WL 2086294, at *7 (S.D.N.Y. May 18, 2012) (noting that "New York courts have shown a willingness to impose such an award in the case of sexual assaults, even in the absence of a fiduciary or equivalent relationship"). A court "has an obligation to ensure that . . . awards [of punitive damages are] fair, reasonable, predictable, and proportionate." Payne v. Jones, 711 F.3d 85, 93 (2d Cir. 2013); (see R&R (Dkt. No. 82) at 7)

In comparable sexual assault cases, courts have "awarded punitive damages that are equal to or [slightly] less than compensatory damages." Noonan, 2018 WL 1738746, at *5 (awarding $1.013 million in compensatory damages and $1 million in punitive damages) (collecting cases); see also Prince Abdulaziz, 2017 WL 4541426, at *7 (awarding $1.25 million in compensatory damages and $1 million in punitive damages); Amador v. Galbreath, No. 10 Civ. 6702 (DGL), 2013 WL 1755784, at *3 (W.D.N.Y. Apr. 24, 2013) (awarding $250,000 in compensatory damages and $250,000 in punitive damages).

Here, the Court finds that Defendant's criminal conduct was cruel, malicious, and predatory in the extreme. His conduct was "highly reprehensible, both in a moral sense and in its almost total contempt for the personal integrity and autonomy of [Plaintiff] and for [her] privilege of choosing those with whom intimate relationships are to be established." Coker v. Georgia, 433 U.S. 584, 597-98 (1977) (noting that, "[s]hort of homicide, [sexual assault] is the ultimate violation of self," and that it is inherently "a violent crime").

Defendant's sexual violence has also had serious long-term consequences for Plaintiff's physical and mental health. (See Weigel Decl., Ex. A (Pltf. Aff.) (Dkt. No. 75-1) ¶ 67

11

(Plaintiff stating that, over the last "five years," "ever since the rape and sexual assault, I have been in therapy [and] visit a psychologist every week."); id. ¶ 97 ("I imagine I will be attending these appointments for the rest of my life."))

This Court finds no clear error in Judge Wang's recommendation that Plaintiff be awarded $1.25 million in punitive damages.

## CONCLUSION

For the reasons stated above, Judge Wang's R&R (Dkt. No. 82) is adopted in its entirety. Plaintiff is awarded $1.25 million in compensatory damages and $1.25 million in punitive damages. Post-judgment interest on the entire amount will accrue from the date that judgment is entered, at the rate provided in 28 U.S.C. § 1961(a). The Clerk of Court is directed to enter judgment against Defendant and to close this case.

Dated: New York, New York
      May 3, 2024

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge